UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD ALLEN<br>CDCR #D-76353,<br><br>                      Plaintiff,<br><br>vs.<br><br>J. CARDENAS; RALPH M. DIAZ; W.L. MONTGOMERY; M. POLLARD; L. WOOD; M. CARRILLO,<br><br>                      Defendants. | Case No.: 3:19-cv-01610-JAH-RBB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION;**<br><br>**(2) VACATING ORDER AND CLERK'S JUDGMENT;**<br><br>**AND**<br><br>**(3) GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>**(ECF No. 21)** |

    Charles Edward Allen ("Plaintiff"), proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, has filed a Motion for Reconsideration of the Court's January 6, 2020 Order dismissing the entire action. (ECF No. 21.)

/ / /

/ / /

1

## I. Procedural History

On August 26, 2019, Plaintiff filed this action. (ECF No. 1.) In addition, Plaintiff filed a Motion for Leave to Proceed IFP. (ECF No. 2.) On September 27, 2019, the Court GRANTED Plaintiff's Motion to Proceed IFP but simultaneously DISMISSED his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. (ECF No. 11.) Plaintiff was given thirty (30) days leave to file amended pleading. (*Id.*) However, that time passed and Plaintiff failed to comply with the Court's Order. Therefore, on January 6, 2020, the Court dismissed the action in its entirety for the reasons set forth in the Court's September 27, 2019 Order and for failing to comply with a Court order. (ECF No. 17.) A Clerk's Judgement was also entered on January 6, 2020. (ECF No. 18.)

On January 24, 2020, Plaintiff filed a Motion for Reconsideration of the Court's January 6, 2020 Order. (ECF No. 21.)

## II. Plaintiff's Motion pursuant to FED. R. CIV. P. 60(b)

### A. Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. FED. R. CIV. P. 60(b)*; School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Although the application of Rule 60(b) is committed to the discretion of the district courts . . ., as a general matter, Rule 60(b) is remedial in nature and must be liberally applied." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and ellipsis

omitted). Nevertheless, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994).

**B.     Plaintiff's Motion**

In this Motion, Plaintiff seeks leave to vacate the Court's Order dismissing the entire action on the grounds that Plaintiff never received the Court's September 27, 2019 Order. (*See* Pl.'s Mot., ECF No. 21 at 2.) Plaintiff attaches to his Motion copies of his "incoming legal log" prepared by prison officials at Calipatria State Prison. (*Id.* at 13-15.) These documents appear to corroborate Plaintiff's position that he did not receive the Court's September 27, 2019 Order.

For these reasons, the Court will GRANT Plaintiff's request and will permit Plaintiff leave to file an amended complaint.

**III.    Conclusion and Order**

Based on the foregoing, the Court:

1)    **GRANTS** Plaintiff's Motion for Reconsideration (ECF No. 21);

2)    **VACATES** the Court's January 6, 2020 Order and the Clerk's Judgment (ECF Nos. 16, 17);

3)    **GRANTS** Plaintiff thirty (30) days to file a First Amended Complaint which corrects the deficiencies of pleading identified in the Court's September 27, 2019 Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

/ / /

/ / /

3

3:19-cv-01610-JAH-RBB

The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form complaint under the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff must provide the correct case number and identify the pleading as his "First Amended Complaint."

If Plaintiff fails to file an amended pleading, this Court will enter a final order of dismissal.

**IT IS SO ORDERED**.

Dated: January 30, 2020

HON. JOHN A. HOUSTON
United States District Judge

4

3:19-cv-01610-JAH-RBB