**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES EDWARD ALLEN, CDCR #D-76353,<br><br>                     Plaintiff,<br><br>vs.<br><br>J. CARDENAS; RALPH M. DIAZ; W.L. MONTGOMERY; M. POLLARD; L. WOOD; M. CARRILLO,<br><br>                     Defendants. | Case No.: 3:19-cv-01610-JAH-RBB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR PRELIMINARY INJUNCTION; AND**<br><br>**(2) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM** |

### I.    Procedural History

On August 26, 2019, Charles Edward Allen ("Plaintiff"), a state inmate currently housed at Calipatria State Prison ("CAL") located in Calipatria, California, and proceeding pro se, filed a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), along with a Motion for Injunctive Relief. (*See* ECF Nos. 2, 3.)

On September 27, 2019, the Court GRANTED Plaintiff's Motion to Proceed IFP, DENIED his Motion to Appoint Counsel, and sua sponte DISMISSED his Complaint for

failing to state a claim upon which relief may be granted. (*See* ECF No. 11.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.*) After Plaintiff failed to comply with the Court's Order, the entire action was ultimately DISMISSED for failing to state a claim and for failing to comply with a Court Order. (*See* ECF No. 17.)

On January 24, 2020, Plaintiff filed a Motion to vacate the Court's Judgment pursuant to Federal Rule of Civil Procedure 60(b). (*See* ECF No. 21.) In this Motion, Plaintiff claimed that he had not received the Court's previous ruling allowing him to file an amended pleading. (*See id.* at 2.) Based on these representations, the Court vacated the Court's January 6, 2020 Order and permitted Plaintiff to file an amended pleading within thirty (30) days of the Court's Order. (*See* ECF No. 22.)

On February 21, 2020, Plaintiff filed his First Amended Complaint ("FAC"). (*See* ECF No. 23.) Subsequently, on March 10, 2020, Plaintiff filed an "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order." (ECF No. 25.)

**II.  Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

**A.  Standard of Review**

As the Court previously informed Plaintiff, notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B.     Plaintiff's Factual Allegations**

On January 18, 2019, Plaintiff was "having a conversation" with Defendant Cardenas regarding Cardenas "stopping the [unspecified] program without the approval of his authority." (FAC at 5.) Plaintiff filed a "citizens complaint" against Cardenas for "unprofessional conduct" on January 20, 2019. (*Id.*) Plaintiff alleges Cardenas "learned" about the filing of the complaint and informed another inmate that he was going to "write

8

1 up" Plaintiff and "remove him off of the facility." (*Id.*) Cardenas wrote a "CDC-128 (Rev 4/74) informative chrono" on January 23, 2019 in "retaliation" for Plaintiff filing a "citizens complaint" against Cardenas. (*Id.*)

Plaintiff was interviewed by Defendants Wood and Carrillo on January 23, 2019 during which Plaintiff "inform[ed] Defendant L. Wood that he has his citizens complaint on his desk." (*Id.*) Wood told Plaintiff to take his "citizens complaint'" back to his cell. (*Id.*)

On March 8, 2019, Wood called Plaintiff to the "program office for a hearing on his citizens complaint." (*Id.* at 6.) Defendant Pollard was also present in the office. (*See id.*) Plaintiff claims Pollard and Wood informed him that "Cardenas did retaliate against him." (*Id.*) As a result, they "granted in part" Plaintiff's complaint but informed Plaintiff they would "not remove" Cardenas from the facility where Plaintiff was housed. (*Id.*) Plaintiff alleges Carrillo also told him that Cardenas retaliated against him but they "still did not do anything about it." (*Id.*)

Plaintiff was moved to another facility allegedly because Defendants told him that they "did not want [Plaintiff] and [Cardenas] to keep getting into it." (*Id.* at 8.)

Plaintiff seeks injunctive relief, compensatory damages in the amount of $450,000 and punitive damages in the amount of $450,000. (*Id.* at 11.)

### C. Retaliation claim

Once again, Plaintiff offers very few specific factual allegations to support his claim of retaliation. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (internal footnote omitted). Adverse action is action that "would chill a person of ordinary firmness" from engaging in the protected activity. *Pinard v. Clatskanie School District 6J*, 467 F.3d 755, 770 (9th Cir.

2006); *see also White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000). Plaintiff also must allege facts to show that the exercise of his First Amendment rights was the substantial or motivating factor behind Ibarra's conduct. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Further, he bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

Here, once again, Plaintiff fails to identify any "adverse action" that was taken against him. He claims Cardenas issued an "informative chrono" because Plaintiff wrote a "citizens complaint" against Cardenas. (FAC at 5.) He also alleges that Cardenas wrote a "false document" and had it placed in his "C" file. (*Id.* at 23.) However, he fails to identify how this "chrono" was an "adverse action." In addition, Plaintiff does not describe this "false document" or how the placement of this document in his file constitutes an "adverse action." Instead, Plaintiff alleges that he was successful in the complaint he filed against Cardenas as Woods and Carrillo ruled in his favor and no action was taken against Plaintiff. (*See* FAC at 6.)

Because Plaintiff's FAC currently fails to allege facts in support of all these pleading requirements, and offers no more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]," *see Iqbal*, 556 U.S. at 678, the Court finds it fails to allege a plausible claim of retaliation. *See id.*

### D. Eighth Amendment claims

Plaintiff purportedly seeks to bring an Eighth Amendment claim as he claims that there has been a violation of his Eighth Amendment right to be free from cruel and unusual punishment but provides no factual allegations to support this claim. (*See* FAC at 5, 8.) The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Rhodes v. Chapman*,

452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. *Id.* (quotation marks and citations omitted); *Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Rhodes*, 452 U.S. at 346.

In addition, prison officials have a duty to ensure prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To plead an Eighth Amendment claim, prisoners must allege facts sufficient to plausibly show that officials acted with deliberate indifference to a substantial risk of harm to their health or safety. *Farmer*, 511 U.S. at 847.

Here, Plaintiff has failed to state an Eighth Amendment claim because he has failed to allege facts sufficient to plausibly show that any of the persons he has named as Defendants in this case acted with deliberate indifference to any known, specific, or individualized substantial risk to *his* health or safety. *Id.*; *see also Paine v. City of Lompoc*, 265 F.3d 975, 984 (9th Cir. 2001) (whether or not each defendant "is a participant in the incidents that could give rise to liability" is a necessary element of the § 1983 claim). In order to establish a claim for damages against an individual prison official under § 1983, Plaintiff must allege facts to plausibly show that each official's deliberate indifference actually and proximately caused a deprivation of his Eighth Amendment rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Thus, because Plaintiff fails to allege facts sufficient to satisfy the subjective component of an Eighth Amendment violation–that any Defendant caused him to be deprived of "life's necessities" with deliberate indifference to his health or safety–his FAC fails to state an Eighth Amendment claim upon which relief can be granted. *Farmer*, 511 U.S. 837; *Iqbal*, 556 U.S. at 679.

### E. Personal Causation

In addition, the Court finds Plaintiff's FAC requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(1) and § 1915A(b)(1) to the extent he fails to identify any specific action or inaction taken on the part of some of the named Defendants. "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011), citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). The FAC contains no factual allegations describing what Defendants Diaz or Montgomery did or failed to do.

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated a claim against Defendants Diaz or Montgomery because he has failed to allege specific facts regarding what actions were taken or not taken by these Defendants which caused the alleged constitutional violations.

### F. Leave to Amend

Accordingly, Plaintiff's entire FAC is dismissed for failing to state a claim upon which relief may be granted. Because he is proceeding pro se, however, the Court having again provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

8

3:19-cv-01610-JAH-RBB

2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III. Motion for Preliminary Injunction

In his "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order," Plaintiff seeks an "order to stop this administration from retaliating on Plaintiff and to allow him in the law library." (Pl.'s Mot., ECF No. 25 at 1.)

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." FED. R. CIV. P. 65(d)(2)(A)-(C).

Substantively, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Here, Plaintiff's FAC has not survived the initial *sua sponte* screening required by 28 U.S.C. § 1915(e)(2) and § 1915A, the United States Marshal has not been directed to effect service on his behalf, and the named Defendants have no actual notice of either of

Plaintiff's FAC or his motion seeking preliminary injunctive relief. Therefore, the Court cannot grant Plaintiff injunctive relief because it has no personal jurisdiction over any Defendant at this time. *See* Fed. R. Civ. P. 65(a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28. A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted).

Moreover, in conducting its sua sponte screening, the Court has found Plaintiff's FAC fails to state any claim upon which § 1983 relief can be granted and has dismissed it pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Therefore, Plaintiff has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims. *See Pimental v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate a fair chance of success on the merits….") (internal quotation marks and citation omitted); *see also Williams v. Duffy, et al.,* Civil Case No. 18-cv-06921-BLF, 2019 WL 95924, at *3 (N.D. Cal. Jan. 3, 2019) ("[Having reached th[e] conclusion [that Plaintiff's complaint failed to state a claim], the Court need not reach the remainder of the *Winter* factors."); *Asberry v. Beard*, Civil Case No. 3:13-cv-2573-WQH JLB, 2014 WL 3943459, at *9 (S.D. Cal. Aug. 12, 2014) (denying prisoner's motion for preliminary injunction because his complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and therefore he had not shown he was "likely to succeed on the merits" of any claim, that "the balance of equities tip[ped] in his favor," or the issuance of an injunction would serve the public interest (citing *Winter*, 555 U.S. at 20)).

Finally, Plaintiff has not, and cannot yet demonstrate, that he is or will be subject to immediate and irreparable harm if an injunction does not issue. To meet Fed. R. Civ. P. 65's "irreparable injury" requirement, Plaintiff must do more than simply allege

8

3:19-cv-01610-JAH-RBB

1 imminent harm; he must demonstrate it. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). This requires he allege "specific facts in an affidavit or a verified complaint [which] clearly show" a credible threat of "immediate and irreparable injury, loss or damage." Fed R. Civ. P. 65(b)(A). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Id.* at 674-75.

Thus, because Plaintiff has failed to serve the required notice upon the adverse parties, has not shown a likelihood of success on the merits, and has made no plausible allegations of imminent harm, the Court **DENIES** his Motion for Preliminary Injunction.

## IV. Conclusion and Order

Good cause appearing, the Court:

1. **DENIES** Plaintiff's Motion for Preliminary Injunction (ECF No. 25);

2. **DISMISSES** Plaintiff's FAC for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3. **GRANTS** Plaintiff thirty (30) days leave in which to file an Amended Complaint which cures all the deficiencies of pleading described in this Order. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dis missed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to follow these instructions and/or files an Amended Complaint that still fails to state a claim, his case may be dismissed without further leave to amend. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

4. The Clerk of Court is directed to mail a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: April 1, 2020

_____
Hon. John A. Houston
United States District Judge