UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD ALLEN, CDCR #D-76353,<br><br>                   Plaintiff,<br><br>vs.<br><br>J. CARDENAS; RALPH M. DIAZ; W.L. MONTGOMERY; M. POLLARD; L. WOOD; M. CARRILLO,<br><br>                   Defendants. | Case No.:  19cv1610-JAH (RBB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTIONS FOR ORDER TO SHOW CAUSE AND FOR TEMPORARY RESTRAINING ORDER;**<br><br>**(2) DENYING MOTION RE DENIAL OF ACCESS TO COURTS; AND**<br><br>**(3) SUA SPONTE GRANTING EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT** |

### I. Procedural History

On August 26, 2019, Charles Edward Allen ("Plaintiff"), a state inmate currently housed at Calipatria State Prison ("CAL") located in Calipatria, California, and proceeding pro se, filed a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP")

1

pursuant to 28 U.S.C. § 1915(a), along with a Motion for Injunctive Relief. (*See* ECF Nos. 2, 3.)

On September 27, 2019, the Court GRANTED Plaintiff's Motion to Proceed IFP, DENIED his Motion to Appoint Counsel, and sua sponte DISMISSED his Complaint for failing to state a claim upon which relief may be granted. (*See* ECF No. 11.)  Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies identified in the Court's Order. (*See id.*)  After Plaintiff failed to comply with the Court's Order, the entire action was ultimately DISMISSED for failing to state a claim and for failing to comply with a Court Order. (*See* ECF No. 17.)

On January 24, 2020, Plaintiff filed a Motion to vacate the Court's Judgment pursuant to Federal Rule of Civil Procedure 60(b). (*See* ECF No. 21.)  In this Motion, Plaintiff claimed that he had not received the Court's previous ruling allowing him to file an amended pleading. (*See id.* at 2.)  Based on these representations, the Court vacated the Court's January 6, 2020 Order and permitted Plaintiff to file an amended pleading within thirty (30) days of the Court's Order. (*See* ECF No. 22.)

On February 21, 2020, Plaintiff filed his First Amended Complaint ("FAC"). (*See* ECF No. 23.)  Subsequently, on March 10, 2020, Plaintiff filed an "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order."  (ECF No. 25.)

On April 1, 2020, the Court DENIED Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order and sua sponte DISMISSED his FAC for failing to state a claim. (ECF No. 26.)  Plaintiff was given leave to file a Second Amended Complaint ("SAC") in order to correct the deficiencies identified in the Court's Order. (*Id.*)  Instead of filing a SAC, Plaintiff has filed a "Motion for Order to Show Cause ("OSC")," "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order," and a "Motion re Denial of Access to Court."  (ECF Nos. 28. 30, 32.)

## II.     Motions for OSC and Preliminary Injunction

In Plaintiff's Motion for an OSC he seeks an Order of injunctive relief "forbid[ding] prison officer from retaliating against prisoners for exercising the right of free speech."

(ECF No. 28 at 1-2.)  In his Motion for Preliminary Injunction, Plaintiff seeks an Order from this Court "stop[ping] [prison officials] from retaliation" against him, an Order directing prison officials to allow Plaintiff "to go to law library" and to "stop filing false documents on Plaintiff." (ECF No. 30 at 3-4.)  In light of the Court's Order dismissing Plaintiff's FAC, there is currently no operative pleading.

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). In that no adverse parties have been served, there are no 'adverse parties' in this case. Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." FED. R. CIV. P. 65(d)(2)(A)-(C).

Substantively, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Here, Plaintiff's FAC has not survived the initial *sua sponte* screening required by 28 U.S.C. § 1915(e)(2) and § 1915A. The United States Marshal has not been directed to effect service on his behalf, and the named Defendants have no actual notice of either of

Plaintiff's FAC or his motion seeking preliminary injunctive relief. Therefore, the Court cannot grant Plaintiff injunctive relief because it has no personal jurisdiction over any Defendant at this time. *See* Fed. R. Civ. P. 65(a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28. A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted).

Moreover, in conducting the previous sua sponte screening, the Court found Plaintiff's FAC failed to state any claim upon which § 1983 relief can be granted and has dismissed it pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Therefore, Plaintiff has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims. *See Pimental v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate a fair chance of success on the merits….") (internal quotation marks and citation omitted); *see also Williams v. Duffy, et al.,* Civil Case No. 18-cv-06921-BLF, 2019 WL 95924, at *3 (N.D. Cal. Jan. 3, 2019) ("[Having reached th[e] conclusion [that Plaintiff's complaint failed to state a claim], the Court need not reach the remainder of the *Winter* factors."); *Asberry v. Beard*, Civil Case No. 3:13-cv-2573-WQH JLB, 2014 WL 3943459, at *9 (S.D. Cal. Aug. 12, 2014) (denying prisoner's motion for preliminary injunction because his complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and therefore he had not shown he was "likely to succeed on the merits" of any claim, that "the balance of equities tip[ped] in his favor," or the issuance of an injunction would serve the public interest (citing *Winter*, 555 U.S. at 20)).

Finally, Plaintiff has not, and cannot yet demonstrate, that he is or will be subject to immediate and irreparable harm if an injunction does not issue. To meet Fed. R. Civ. P. 65's "irreparable injury" requirement, Plaintiff must do more than simply allege imminent

harm; he must demonstrate it. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). This requires he allege "specific facts in an affidavit or a verified complaint [which] clearly show" a credible threat of "immediate and irreparable injury, loss or damage." Fed R. Civ. P. 65(b)(A). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Id.* at 674-75.

The Court finds that Plaintiff has – to date – failed to file a SAC as permitted by leave of Court. The Motion for an OSC, as pled, cannot be construed as a SAC. With no operative SAC pending from which the Court can determine whether there is a legally sufficient claim that warrants the Court to direct the identified adverse parties to be served with the summons, the Court lacks subject matter jurisdiction over this case and thus lacks personal jurisdiction over the Plaintiff's identified adverse parties. As such, there are still no 'adverse parties' before the Court that have a responsibility to defend the allegations or who are otherwise subject to this Court's jurisdiction. Additionally, even if the Court had subject matter and personal jurisdiction to entertain Plaintiff's motion, the Court finds Plaintiff has not established the requisite likelihood of success on the merits and has not made plausible allegations of imminent harm to support injunctive relief. Accordingly, the Court denies Plaintiff's motion for OSC and Preliminary Injunction.

**III.   Motion for Access to Law Library**

In this Motion, Plaintiff requests that this Court "issue an Order telling this administration to allow Plaintiff into the law library so that he can do the research that is needed to litigate [his] case." (ECF No. 32 at 1.)  Plaintiff claims that prison officials are denying him access to the courts because the "coronavirus is stopping me from going into the law library."  (*Id.*) The Corona Virus-19 presents a significant challenge for prison officials to keep the prison environment safe and healthy for inmates and staff. This Court is aware that limited to no access to the law library is a part of the protective procedure.

Thus, while the Court DENIES Plaintiff's Motion for Access to Law Library without prejudice, the Court will sua sponte GRANT Plaintiff an extension of time to respond to the Court's April 1, 2010 Order.

## IV. Conclusion and Order

Good cause appearing, the Court:

1. **DENIES** Plaintiff's Motions for OSC, Preliminary Injunction, and Denial of Access to Courts. (ECF Nos. 28, 30, 32).

2. The Court extends time to **July 15, 2020,** for Plaintiff to file a Second Amended Complaint which cures all the deficiencies of pleading described in the Court's April 1, 2020 Order. Additionally, the Court will **GRANT** Plaintiff leave to request additional time if pandemic-related circumstances continue to restrict his library time warrant. Plaintiff is cautioned, however, that should he choose to file a SAC, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a). Additionally, any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dis missed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to follow these instructions and/or files an Amended Complaint that still fails to state a claim, his case may be dismissed with prejudice – that is – without further leave to amend. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

3. The Clerk of Court is directed to mail a court approved civil rights complaint form for Plaintiff's use in amending.

**IT IS SO ORDERED**.

Dated: April 27, 2020

Hon. John A. Houston
United States District Judge